**UNITED STATES of America,**
**Appellee,**

v.

**Samina FAISAL, Defendant–Appellant.**

**No. 07–1009–cr.**

United States Court of Appeals,
Second Circuit.

June 10, 2008.

Darrell B. Fields, Federal Defenders of New York, New York, New York, for Defendant–Appellant.

Daniel A. Spector, Assistant United States Attorney (Peter A. Norling, of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. NINA GERSHON, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Samina Faisal appeals from a judgment entered on March 7, 2007, in the United States District Court for the Eastern District of New York (Trager, J.), convicting her, following a jury trial, of using a telephone to convey false information concerning a bomb in violation of 18 U.S.C. § 844(e), and of making false statements to a law enforcement officer in violation of 18 U.S.C. § 1001(a)(2). This conviction was the result of a 911 call Faisal placed from JFK International Airport on February 13, 2005, and a subsequent statement she gave to an FBI agent explaining why she made this call. We assume the parties' familiarity with the underlying facts, procedural history of the case, and specification of issues on appeal.

On appeal, Faisal complains that the Government's rebuttal summation was improper and prejudiced her defense, and that the district court erred in refusing her request to give a surrebuttal summation, or, alternatively, for the court to provide a curative jury instruction. As a result of these purported errors, she claims that a new trial is required.

Faisal first contends that the Government's rebuttal summation, which included one paragraph arguing that there was scant evidence to back up the defendant's story that her boyfriend, Najabit Ali, was with her at the airport when she made the 911 call, introduced a new factual theory that the Government did not raise in its opening summation and to which the defense could not respond.

Rebuttal summation provides the Government an opportunity to respond to the defense's arguments in summation, but the Government "may not use the defense's comments to justify the reference to facts or the assertion of claims which it could have, but did not, introduce at trial unless defense counsel's remarks assert collateral, exculpatory alibis or defenses which the government would not have been expected to negate previously." *United States v. Rubinson*, 543 F.2d 951, 966 (2d Cir.1976); *see also United States v. Giovanelli*, 945 F.2d 479, 496 (2d Cir.1991) (Newman, J., concurring). Improper statements made during summation require a new trial when such statements "cause[d] the defendant substantial prejudice by so infecting the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir.1999) (internal citations and quotation marks omitted); *see also United States v. Edwards*, 342 F.3d 168, 181 (2d

---

* The Honorable Nina Gershon, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

Cir.2003). In deciding whether the defendant was prejudiced, we consider: (1) the severity of the misconduct; (2) the measures adopted to cure the misconduct; and (3) the certainty of conviction absent the misconduct. *United States v. Elias,* 285 F.3d 183, 190 (2d Cir.2002).

We conclude that the Government's statements here were not improper. That Ali's presence at the airport was central to the case is beyond dispute. Faisal's entire defense was that while she and Ali were at the airport, Ali told her that he overheard two men talking about two bombs on a departing flight and that she called 911 in the belief that the flight was in jeopardy. Faisal was aware that the Government disputed Ali's presence at the airport. The Government offered the testimony of Faisal's acquaintance, Muzaffar Ahmad, who said he was with Faisal at the airport "[m]ost of the time," but that he did not see her with anyone else or see her talk to anyone. Her attorney noted to the court that the Government had brought out "through Mr. Ahmad that he didn't see Mr. Ali at the airport which is a suggestion they're planning to argue." In its summation, the defense repeatedly focused on Ali's alleged statement to Faisal while at the airport. The district court correctly observed in these circumstances that reference to Ahmad's testimony in rebuttal "[was] not a new theory of the case, it [was] an argument."

Even if the statement were improper, we conclude that it was not "so egregious as to infect the proceedings in such a manner as to deprive [the] defendant of due process" when viewed in the context of the entire argument before the jury. *United States v. Tocco,* 135 F.3d 116, 130 (2d Cir.1998). The allegedly improper statement was only one paragraph toward the beginning of the Government's thirteen page rebuttal summation. *Cf. United*

*States v. Newton,* 369 F.3d 659, 681 (2d Cir.2004) (isolated improper remark in rebuttal summation did not require reversal). Moreover, while the district court did not give a curative instruction expressly addressing Faisal's objection, it properly instructed the jury that the parties' summations were not evidence. Finally, the district court aptly stated why any error would be harmless: "[J]ust listening to the tape [of the 911 call] is enough to convict her. . . . The tape was devastating. There is no running away from it. It was a calculating, cold conversation, not somebody who had just been told that there's a bomb on the plane and she really believed it." When considering this tape along with the other evidence that refuted Faisal's statement as to why she placed the 911 call, we are confident that the result would have been the same even absent the Government's rebuttal summation statement.

We also reject Faisal's claim that the district court erred by refusing to allow a surrebuttal summation and by failing to give a curative instruction. Nothing in Rule 29.1, which prescribes the order of closing arguments, requires the district court to permit a surrebuttal by the defense. Fed.R.Crim.P. 29.1. Just as the district court has broad discretion to limit the scope of summation, *see Herring v. New York,* 422 U.S. 853, 862, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975), its decision to permit surrebuttal also falls within its discretion, *see United States v. Alford,* 999 F.2d 818, 821 (5th Cir.1993), and its decision "will not be overturned absent an abuse of discretion," *United States v. Bautista,* 252 F.3d 141, 145 (2d Cir.2001). Because we have already held that the Government's statements were proper and, in any event, could not have prejudiced Faisal, we conclude that the district court did not abuse its discretion in denying Faisal's request to

852

give a surrebuttal summation. Likewise, for the reasons stated above, there was no need for a curative instruction.

For the foregoing reasons, the judgment of the district court is AFFIRMED.